UNITED STATES DEPARTMENT OF JUSTICE
IMMIGRATION AND NATURALIZATION SERVICE
JOHN F. KENNEDY FEDERAL BUILDING
BOSTON, MA 02203   ATTN: EXAMS

Mr. Michael Abiodun Faturoti   DATE  NOV X 9 1998
2 Ditmus Court, Apt. #125       File: A91 985 991
Mattapan, MA   02126

## NATURALIZATION APPEAL DECISION

Your application for naturalization which was submitted on January 12, 1996, was denied on September 11, 1997, when it was determined that you had not met your burden of establishing pursuant to 8 C.F.R. 316.2(b) that you had been lawfully admitted to the United States. The record indicated that you had obtained your lawful permanent status effective December 1, 1990, under the Special Agricultural Worker (SAW) program as an agricultural worker based on Section 210 of the Immigration and Nationality Act, 8 U.S.C. 1160. You filed an appeal from the denial of your naturalization application on September 30, 1997. In your appeal notice you claimed that you had obtained your lawful permanent residence status independent of the SAW program. During the course of this appeal process you have conceded that you illegally obtained your lawful permanent residence status through the SAW program.

A videotaped hearing was held on the denial of your application on May 12, 1998. You testified that your application for permanent residence under the SAW program was submitted by you to an INS office in Florida. The legal provision for your permanent residence required actual and specified amounts of agricultural work on your part with perishable commodities during a specific time period--90 man-days between May 1, 1985 and May 1, 1986---. The application which you signed dated July 14, 1988, indicates that you picked "green beans" for "Mr. Athur Broadnax (sic)" at "Leon McNally (farm), Dade (County), FL." from "8/85 to 4/86" for more than 90 days".

During the course of your May 12, 1998 interview and in your recent written submissions to this office, you have now admitted that you never lived in Florida and that you were never employed as an agricultural worker in Florida or anywhere else. You specifically admitted that you never worked for Mr. Broadnax or the McNally farm. You testified that you only spent 24 hours in Florida and that was when you flew down there to file your legalization application. You admitted that you paid $2000-$3000 to a Haitian man named "Michael" who completed the legalization forms for you at a Haitian immigration/social work office which was located close to the U.S. immigration office in Hialeah, Florida. You also admitted that the signature on your legalization application was in fact your own.

In your letter dated September 11, 1997, which you submitted as an appeal of the initial denial of your naturalization application, you attempted to justify why you took these illegal steps in seeking permanent residence under the SAW program:

(i) I had full-time employment when I registered under the SAW program in a desperate effort to save my legal status in the country because my exchange student status visa was about to expire without the possibility of a renewal even though I had not been able to successfully complete my educational program. NICER, my sponsor had terminated my fellowship in 1986 thus leaving me no choice other than to look for an alternative way to successfully complete my program. I had to work and pay my way at Northeastern University for 2 academic years.

The fact that you felt pressure to maintain your legal status in the United States did not justify you presenting a fraudulent application to the Immigration & Naturalization Service.

You also claimed on your appeal that you obtained permanent residence status apart from the SAW program when you submitted a Form I-485 application for adjustment of status. However, during the course of your May 12, 1998 hearing, you conceded that you had never filed an application for adjustment of status to permanent residence (Form I-485) pursuant to Section 245 of the Immigration & Nationality Act. 8 U.S.C. 1255. You acknowledged that you had mistaken the Form I-90 (Application by Lawful Permanent Resident for a New Alien Registration Receipt Card) filed on January 26, 1991 with the Eastern Regional Processing Facility in Vermont for a form I-485. Furthermore, there is no evidence on record which would indicate that a visa petition had ever been approved on your behalf, which would have been a prerequisite for approval of adjustment of status under Section 245 of the Act. 8 U.S.C.1255.

Upon review of the complete record, including your own admissions against interest, it is concluded that you have failed to establish that you were lawfully admitted to the United States in accordance with sections 316 and 318 of the Immigration & Nationality Act. 8 U.S.C.1427 & 8 U.S.C. 1429. In fact, the record conclusively shows that you obtained your residence status in this country by fraud. This decision does not reach any other matters enumerated under 8 C.F.R.316.10, which may form an alternative basis for a denial of an application for naturalization.

Accordingly, pursuant to 8 C.F.R. 336.2(a) the denial of your application for naturalization is affirmed and your appeal is hereby dismissed. Under 8 C.F.R. 336.9(b), this decision constitutes a <u>final administrative denial</u> of your application. You have the right to file a petition for review in the United States District Court in accordance with Chapter 7 of Title 5, United States Code within a period of not more than 120 days after this decision.

Sincerely yours,

Steven J. Farquharson
District Director