UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MICHAEL A. FATUROTI, )
    Petitioner, )
     )
v. ) C.A. No. 97-10605-MBD
     )
UNITED STATES, )
    Respondent. )

GERTNER, D.J.:

MEMORANDUM AND ORDER
March 27, 1998

    Plaintiff Michael Faturoti ("Faturoti") brought this case under 8 U.S.C. § 1447(b)(1990), which conferred jurisdiction on this Court to conduct naturalization hearings upon a petition by the applicant or in case the application was denied, by an officer of the Immigration and Naturalization Service ("INS"). Faturoti, a United States lawful permanent resident and citizen of Nigeria, had petitioned this Court to grant him a hearing on his naturalization application after he had waited for eighteen months for a decision from the INS. The INS responded by moving to dismiss the case on the grounds that 1990 amendments to the Immigration and Nationality Act ("INA") had eliminated this Court's jurisdiction at this stage of the proceeding. For the reasons set out below, this motion is **ALLOWED**.

I. **PROCEDURAL HISTORY**

    Faturoti first filed his application for naturalization on January 12, 1996. He appeared before an INS officer for a preliminary examination on that application on March 18, 1996. When he had not received a decision on his application by



September 2, 1997, he petitioned this Court for a hearing on his naturalization application, citing his concern that the delay was causing financial hardship to his family.

Between the time Faturoti filed this petition and the INS' court-ordered deadline to answer, however, the INS officer who had interviewed Faturoti eighteen months before finally issued his long-overdue denial of Faturoti's application. In response to that denial, Faturoti filed an administrative appeal with INS, pursuant to the current law. The INS then moved to dismiss this petition. Faturoti received a copy of the INS' motion and memorandum in support and, believing it to be this Court's order dismissing his petition, conceded that the Court was without jurisdiction. He then petitioned the Court to vacate its supposed order of dismissal, which he feared would impede his administrative review. In the meantime, he is again awaiting action on his case, as an administrative review hearing has not yet been scheduled.

## II. ANALYSIS

The current version of the INA provides this Court with jurisdiction to hear naturalization cases under two sets of circumstances: when the INS has delayed more than 120 days in issuing a decision following a naturalization examination, 8 U.S.C. § 1447(b); or when an applicant seeks judicial review of a denial of naturalization <u>after</u> an administrative review hearing. 8 U.S.C. § 1421(c). At the time Faturoti petitioned this Court,

he had been awaiting a decision on his naturalization application for 18 months. This delay had vested this Court with jurisdiction. However, a week after filing his petition here, Faturoti finally received a decision on his application.

Whether this tardy decision then operated to divest this Court of jurisdiction, as the INS seems to suggest,[1] is now moot, as Faturoti has conceded that the petition should be dismissed at this time. He has filed a timely administrative appeal within the INS under the current version of 8 U.S.C. § 1447(a). The INS must schedule a hearing within 180 days of that appeal. 8 C.F.R. § 336.2(b).

Faturoti mistakenly seems to believe that his complaint in this case was already dismissed, and that that dismissal will impede his administrative appeal. However, the dismissal of his case before this Court in no way prevents him from pursuing fully his administrative appeal within the INS. Nor does it prevent him from returning to this Court, should his application for naturalization be denied after the administrative hearing; Faturoti may petition this Court for judicial review within 120 days of any such denial. 8 U.S.C. § 1421(c); 8 C.F.R. § 336.9(b).

---

[1] The INS concedes, "[i]n the instant case, plaintiff's naturalization application was not denied within 120 days of the examination . . . However, a decision was [sic] been made . . . ."

-3-

### III. CONCLUSION

Because the petitioner is now pursuing his administrative appeal remedies within the INS and agrees to the dismissal of this case, the INS' motion to dismiss (docket entry #3) is **ALLOWED**. Faturoti's petition is **DISMISSED**. This decision is without prejudice to Faturoti's right to appeal the denial of his naturalization application within the INS, as he is already doing, or, in the event of a later denial of that application after an INS hearing, in a petition for judicial review before this Court.

SO ORDERED.

Dated:  March 27, 1998

NANCY GERTNER, U.S.D.J.