Michael A. Faturoti
P.O. Box 230013
Boston, MA 02123-0013

April 4, 2005

617 442-7312

U.S. Department of Homeland Security
U.S. Citizenship & Immigration Services (USCIS)
JFK Fedl Bldg Rm 425
Government Center, Boston, MA 02203

Re: Civil Action No. 04-11791-MJD

Attn.: Mr. Henry J. Hanley, Associate Area Counsel,

Thank you for your letter dated March 31, 2005 regarding my petition for judicial review and Magistrate Judge Dein's temporary order that petitioner reappear for fingerprinting and citizenship interview. However, submitting a new N-400 may be premature for these reasons:

(a) The USCIS letter inviting petitioner to appear for a new fingerprining to ascertain that his naturalization application is not abandoned was honored. Fingerprinting was completed Feb. 02, 2005 because of the urgency of the letter. Because current application has not been abandoned, it may be unnecessary for petitioner to submit a new naturalization application.

(b) Submitting a new application may suggest that the U.S. District Court denied my petition for judicial review. In reality, the U.S. District Court has not made a final ruling. This order from Magistrate Judge Dein is a temporary order. It might be better to wait for the U.S. District Court to make its final decision before a new application can be submitted. Besides, Judge Dein does not suggest submitting a new application probably because it may imply a denial.

(c) The substantive Judge, Hon. Nancy Gertner, is expected to make the final decision on the application for judicial review. Until she makes her decision known, it might be premature to suggest that my application for judicial review has been denied. Therefore, making a new naturalization application will be unwise at this point in time.

(d) It is certain that as soon as a new application is submitted, the USCIS will, no doubt, abandon or throw away my current application. Making a new application at this time will be a major mistake. Therefore, I do not think a new naturalization application is warranted.

(e) If the USCIS wants to schedule another interview, it can be done without the petitioner having to submit another naturalization application.

(f) It is my understanding that because Magistrate Judge Dein does not have a Court, she should have made her recommendations or Order known to Hon. District Judge Nancy Gertner before making it known to either the USCIS or the petitioner.

(g) Finally, because Magistrate Judge Dein is not a practising bar attorney, she cannot make recommendations on matters of law to the USCIS. Her Order or recommendations cannot be followed or executed by the USCIS. She has to pass them through Hon. District Judge Nancy Gertner, the substantive reviewing Judge for approval before making them known to either the USCIS or the petitioner..

In view of the above-named points, the petitioner cannot be made to submit a new naturalization application. A new application would suggest a denial of the petitioner's petition for

judicial review. It is important to understand that this is only an interlocutory order made to determine an intermediate issue before the final decision is made. 507 P. 2d 530, 532; 120 S.E. 2d 82, 91; 205 S.W. 2d 612, 614 & 28 U.S.C. §§1291-1293.

Thank you very much.

Sincerely,

*[signature]* 04/07/2005

Michael Faturoti.

Copy: Hon. Nancy Gertner, U.S. District Court Judge, 1 Courthouse Way, Boston, MA 02210.

Copy: Hon. Judith Gail Dein, U.S. Magistrate Judge, 1 Courthouse Way, Boston, MA 02210.