MICHAEL A. FATUROTI, P.O. BOX 230013, BOSTON, MA 02123-0013

TO: U. S. DISTRICT COURT OF MASSACHUSETTS, BOSTON, MA 02210.

| | |
|---|---|
| MICHAEL A. FATUROTI,<br>Petitioner,<br><br>v.<br><br>IMMIGRATION AND CUSTOMS<br>ENFORCEMENT,<br>Respondent. | )<br>)<br>) Civil Action No.<br>) 04-11791-MJD N G<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

MOTION TO EXTEND COMPLIANCE TIME FOR U.S. COURT'S MARCH 24, 2005 ORDER

Brief from the U.S. Attorney's Office dated April 21, 2005, is acknowledged.

Your Honor, I want to inform Messers Sullivan and Grady again that the ordered fingerprinting was complied with on Feb. 2, 2005. In addition, the interview scheduled for April 19, 2005 was attended punctually. The Petitioner arrived at the interview place at about 9:35 a.m. and did not leave the room until about 4:30 p.m.

It is unfortunate that Mr. Mark Grady, the writer of this brief appears to be listening to rumors or hear-say. If he is a practising bar attorney, he'll know that rumors and hear-says do not matter in the law court until they have been properly investigated. The records will show that the Petitioner was very punctual.

Whatever happened during the day is a different thing entirely. The Petitioner was made to understand that the purpose of the April 19th., 2005 interview was to introduce the Petitioner to the 'World" about his plight to become a naturalized citizen and to ask for their contribution.. To the best of my understanding, I believe that the Government or the Immigration Services accomlplished its goal that day. I believe the District Court Judge understands what happened that day.

On Thursday, April 21, 2005, Mr. Grady called and left his telephone number (617 748-3136) with the Petitioner. In his conversation, Mr. Grady discussed setting a new date for the April 19th, 2005 interview and discussed the relevance of the SAW Application to the Petitioner's petition for judicial review. The Petitioner reminded Mr. Grady that the SAW Application is **not** the only relevant matter in the case. That the SAW Application may **not be relevant** to the Court's final decision. And that I-485: Application for Residence Status may be the relevant point. And finally that the I-485 may take precedence over the SAW Application.

At this time, I like to remind Your Honor of the provisions of the Immigration and Nationality Act (INA) §§245A(C)(4) & 245A(C)(5): the **statutory guarantee of confidentiality/fruit of the poisonous tree** which prohibit the use of information furnished pursuant to an application for temporary residence under the legalization program by an official, employee, bureau or agency of the Department of justice other than to: (a) make a determination of the application, .... That records maintained by the QDE are confidential and the Attorney General and the INS are forbidden access to the QDE's files without the consent of the alien. That the contents of the

application and supporting documentation provided by an applicant for temporary residence ... are protected by the statutory guarantee of confidetiality. That when there is a violation of this statute, the victim can request the suppression of such evidence as the **fruit of the poisonous tree, ... (Matter of Garcia-Flores, 17 I&N Dec. 325 (BIA-1980); Matter of Toro, 17 I&N Dec. 340 (BIA-1980))...** In view of this statute, I believe that the Court will suppress whatever information that was lifted from the SAW Application and used to deny my naturalization application so that the SAW Application will not be relevant to the final decision of the Court.

I believe that it has been established that the I-485: Application for Resident Status filed in July 1989, takes precedence over the SAW Application and that it will ultimately influence the decision of the Court on the petition for judicial review. I shall be glad if you can help me obtain a copy of the I-485 I submitted in 1989, Your Honor. The USCIS Officer in charge of records has refused to give me a copy in spite of several certified demands.

Considering these two factors, Your Honor, I believe that the issues emphasized by both the Legal Counsel, (i.e., proof of legal admission to the United States) and the U.S. Attorney, Mr. Michael Sullivan, (i.e., fingerprinting and use of the FBI crime report) as proof of being a person of 'good moral character,' as well as the relevance or irrelevance of the SAW Application, are the same issues Mr. Grady wants to discuss in his newly proposed April 25th., 2005 interview These issues have been resolved. Mr. Grady is expected to understand that. If that is so, there won't be a need for another interview.

I am therefore, appealing to Your Honor, to prevent having another interview because another interview may constitute a waste of valuable Court time. Besides, the Petitioner already had two administrative interviews before the USINS (now USCIS) made the final decision that the Petitioner is appealing. Similarly, asking for an extension of time on this matter is unwarranted. I also want to remind Mr Grady, Your Honor, that the Court Order is a temporary one; one does not have to spend all the time in the world on it. My petition is for Judicial (de novo) Review and **not** Judicial Hearing.

Finally, Your honor, it is important to emphasize that Mr. Grady's proposed scheduled April 25, 2005 interview and extension of time, is an application. It is **not** written in stone. The District Judge still has to approve it.

In conclusion, I shall be glad if the District Judge can find out if motions and ideas proposed by Messers Sullivan and Grady can be respected by the USCIS. If they are **not** registered practising bar attorneys, the USCIS may **not** respect their opinions. This will prevent any unnecessary waste of time. In addition, I will thank you, Your Honor, for a copy of the Court's final decision.

Thank you, Your Honor.

NAME: Michael A. Faturoti     SIGNATURE: *[signature]*

DATE: April 23, 2005                              04/24/2005.