UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

MICHAEL A. FATUROTI,       )
      Petioner,       )
      )    Civil Action No.
v.       )    04-11791-MJD
      )
IMMIGRATION AND CUSTOMS       )
ENFORCEMENT,       )
      Respondent.       )
      )
      )
      )

**RESPONDENT'S MEMORANDUM IN SUPPORT OF ITS SECOND MOTION TO DISMISS, OR FOR OTHER APPROPRIATE SANCTION, FOR FAILURE TO COMPLY WITH THIS COURT'S ORDER**

The Respondent submits this memorandum in support of its second motion to dismiss pursuant to Fed. R. Civ. P. 41(b) on the ground that Petitioner has failed to comply with this Court's orders.

**Facts**

On March 24, 2005, this Court allowed the Respondent's motion requesting that the Petitioner be directed to appear for fingerprinting and a naturalization interview. In the order, this Court directed that the interview be completed within thirty days.

In compliance with the deadline set by this Court initially, the Petitioner was scheduled for a naturalization interview on April 19, 2005, at 10:00 a.m. On that date, a dispute arose as to when the Petitioner appeared for interview on that date. Immigration officials contended that Petitioner did not appear until some time in the afternoon, whereas Petitioner claims to have been present all day.

In lieu of resolving this dispute, the interview was rescheduled for April 25, 2005.

Undersigned counsel spoke with the Petitioner by telephone on April 21, 2005, and informed him of the new April 25, 2005, interview (10:00 a.m.) time and date. Petitioner failed to appear for interview on April 25, 2005.

Upon motion of the Respondent, on April 26, 2005, this Court ordered the Petitioner to appear on May 11, 2005, at 10:00 a.m., at the United States Customs and Immigration Services Office in Boston, located at the John F. Kennedy Federal Building, Room E160, Government Center, Boston, MA 02203. On April 28, 2005, Petitioner filed a motion to reconsider this Court's order. That motion was denied on May 9, 2005.

On May 11, 2005, Petitioner failed to appear for interview. See Affidavit of Alton D. Saucier, dated May 12, 2005, attached hereto as Exhibit 1.

On May 16, 2005, the Respondent filed its first motion to dismiss contending that the Petitioner had failed to comply with this Court's March 24, 2005, order. On May 20, this Court denied the motion to dismiss without prejudice, however, entered a second order directing that Petitioner appear for interview. That Order expressly informed the Petitioner that a failure to appear may result in dismissal. See Order of the Court dated May 20, 2005, attached hereto as Exhibit 2.

On May 24, 2005, the Respondent filed a "Notice of Scheduling of Interview" appraising the Petitioner that a further interview had been scheduled on June 14, 2005, at 10:00 a.m. at the United States Customs and Immigration Services Office in Boston located at the John F. Kennedy Federal Building, Room E170, Government Center, Boston, MA 02203. See Notice of Interview, attached hereto as Exhibit 3.

On May 31, 2005, the Petitioner filed a "Response" with this Court (apparently) requesting that this court "verify" that the notice of interview forwarded by immigration officials

was signed by the "Director" and that "the guys from the Office of the U.S. Attorney are registered bar attorneys. . . ." See Petitioner's Response, dated May 26, 2005, attached hereto as Exhibit 4. As grounds for this request, Petitioner contended that "the U.S. Attorney's Office continues to be represented by illegal aliens who are not authorized to work in the United States. . . ." Id.[1]

On June 14, 2005, Petitioner failed to appear for his interview. See Declaration of Alton Saucier, dated June 14, 2005, attached hereto as Exhibit 5.

**Argument**

Petitioner was indisputably appraised of both this Court's second order (informing Petitioner that the claim may be dismissed for failure to appear) and of the scheduled interview on June 14, 2005. Petitioner, himself, filed a copy of a letter from immigration officials appraising him of the time and place of the interview.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b).

In light of the Petitioner's second failure to comply with this Court's orders, the Respondent requests that the petition be dismissed.

---

[1] The Petitioner's "Response" refers to a June 20, 2005, interview, despite the fact that both undersigned counsel and immigration officials informed Petitioner that an interview had been scheduled on June 14, 2005. See Exhibit 3; Exhibit 4, Attachment A (Letter from the District Director of the U.S. Citizenship and Immigration Services, attached by the Petitioner).

## Conclusion

WHEREFORE, in accord with Fed. R. Civ. P. 41(b), the Respondent requests that the Petitioner's claim be dismissed, or that this Court enter such sanction as it deems just.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

 /s/ Mark J. Grady
MARK J. GRADY
Assistant U.S. Attorney
U.S. Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA   02210
Tel. No. (617) 748-3136

### Certificate of Compliance

I hereby certify that on June 15, 2005, I attempted to contact the Petitioner at the phone number listed on the Court's docket.  This number has (intermittently during the litigation) been answered by the Petitioner.  On June 15, 2005, (as on several previous occasions) the call was answered by a series of beeps and appears to be a fax or modem line.  I was unable to reach the Petitioner.

 /s/ Mark J. Grady
Mark J. Grady
Assistant United States Attorney

### Certificate of Service

IT IS HEREBY CERTIFIED that on this 16th day of June 2005  service of the foregoing Motion has been made upon the following by depositing a copy in the United States mail, postage prepaid to, Michael Faturoti, PO Box 230013, Boston, MA 02123.

 /s/ Mark J. Grady
Mark J. Grady
Assistant United States Attorney