MICHAEL A. FATUROTI, P.O. BOX 230013, BOSTON, MA 02123-0013.

HON. NANCY GERTNER, U.S. DISTRICT JUDGE, U.S. DISTRICT COURT OF MASSACHUSETTS.

| | |
|---|---|
| MICHAEL A. FATUROTI, | ) |
|     Petitioner, | ) |
| | ) Civil Action NO. |
| v. | ) 04-11791-NG |
| | ) |
| IMMIGRATION & CUSTOMS | ) 09/16/2005 |
| ENFORCEMENT, | ) |
|     Respondent. | ) |

PETITIONER'S MOTION TO IGNORE U.S. ATTORNEY'S RESPONSE TO JUDGE DEIN'S ORDER ASKING RESPONDENT TO IDENTIFY OTHER REASONS THAT MAY PRECLUDE PETITIONER FROM NATURALIZATION ELIGIBILITY - JURISDICTION.

Your Honor, Petitioner acknowledges U.S. Attorney's brief responding to Hon. Judge Dein's Order asking for additional grounds for precluding Petitioner from eligibility for naturalization. However, Petitioner continues to appeal to your court to ignore or disregard the brief because the two individuals identified as writers of the brief no longer have jurisdiction over this case on the basis that both are either disbarred or unauthorized aliens who are ineligible to work in the United States. 28 USC §1330.

Not only that, Your Honor, the brief is unsigned, meaning, that the two individuals identified as the writers of the brief may not be the actual writers of the brief. The brief may be an impersonation prepared by certain criminals in an attempt to unnecesarily prolong the action and thereby obstruct justice.

Unconfirmed rumors identify some disgruntled individuals who prepared the brief on behalf of the Office of the U.S. Attorney. Ms Janet Olayombo Yerokun, a.k.a. Mika Bryznski, a harlot, federal run-away prisoner, is one of the the suspects behind the brief because "He doesn't like me." Mr. Amos Folarin Yerokun, former clergy and currently a run-away prisoner who has been harassing the Petitioner, is also a suspect. Mr. David Oluwole Ojo Onipede, another run-away prisoner and sex offender, is also behind the writing of the brief. It is Petitioner's understanding that Mr. Mitt Romney a.k.a. Sunday Adeseko paid for the "job." Petitioner will be glad if the rumor can be investigated for authenticity.

Petitioner appreciates the fact that Respondent concedes error on reliance upon SAW Application information and the Respondent's inability to identify any other barrier precluding Petitioner from naturalization eligibility.

Concerning the other reason the Office of the U.S. Attorney prepared this brief, i.e., Hon. Judge Dein's Order to "Reappear for another naturalization interview.":

The original reason that warranted a naturalization interview, Your Honor, is to resolve the use of the SAW Application information without the Applicant's understanding. That problem has already been resolved. The Respondent concedes error in using the information.

The other reason that necessitated a naturalization interview concerns the Chief Legal Counsel's reason for denying naturalization application. This problem has also been resolved, Your Honor. Hon. Nancy Gertner, is believed to have a copy of a 1989 I-485 Application for Resident Status filed by applicant. Further, the fact that Petitioner's Resident Card was

renewed and upgraded to Green Card status confirms that an I-485 was filed independent of the SAW Application in 1989 and that applicant was legally admitted into the United States. It is thus Petitioner's understanding that this problem has also been resolved because a Green Card is confirmation of legal admission into the United States. 8 CFR §316.2(b).

To the best knowledge of Petitioner, Your Honor, the applicant already exhausted the two administrative interviews provided for under the Citizenship and Immigration Services (CIS).

Further, in his petition for judicial review, Petitioner asked for **de novo review**, **not** hearing and not trial. Scheduling a naturalization interview is a **hearing** in disguise. Petitioner believes, Your Honor, that scheduling a naturalization interview is like "an ill wind." It may jeopardize Petitioner's interest. Hearing is conducted if requested by Petitioner. 8 CFR Ch. §336.9(c).

Hon. Dein, U.S. Magistrate Judge, who ordered the naturalization interview made the Order with prejudice and malice afore-thought because she wanted "to avenge my sister." It is Petitioner's understanding that Hon. Dein ordered the interview so as to hurt Petitioner.

Further, Your Honor, the Citizenship and Immigration Services (CIS) would not honor Hon. Dein's Order because she not only lacks a law degree or a bar license; she is also an unauthorized alien. She, therefore, lacks jurisdiction over the action. 28 USC §1330 et seq.

The question to consider Your Honor, is: Should the CIS honor an Order made by an unauthorized alien who has neither legal education nor a bar license? Similarly, Your Honor, should the CIS honor an Order made with prejudice and malice afore-thought? The answer to these two questions, Your Honor, should be **NO**.

On the side is the U.S. Attorney's Office. Messers Sullivan and Grady are either disbarred or unauthorized aliens who are ineligible to work in the United States. As such, they also lack jurisdiction. The relevant question to ask in their case is: Should they be hired by the U.S. Attorney's Office? Should they continue to represent the U.S. Attorney's Office? Should they be recognized by the CIS? Should the Court allow disbarred and unauthorized aliens to practice law? The answer to these questions should also be **NO**, Your Honor.

Petitioner appeals to the substantive Judge, Hon. Gertner, to please, discourage unlicensed and unauthorized aliens from working illegally. Unauthorized Law Practice or illegally working in the United States may constitute a criminal offense.

Petitioner was punctual to the site of the first of the interviews ordered by Hon. Dein and scheduled at the Immigration Services. The records would show that Petitioner arrived at Room E-170 site of the Immigration building at about 9:30 in the morning. He never left the Room until about 4:30 in the afternoon.

The next interview schedule and letter arrived after the scheduled date. The next one scheduled never took place only because neither Hon. Gertner nor the CIS Director approved of it. Petitioner mistakenly missed the date of the last of the interview scheduled by about a week. Petitioner was busy preparing for the interview when leters from the U.S. Attorney's Office arrived complaining that Petitioner did not show up.

Be that as it may, most of the interviews scheduled at the Immigration Services (CIS) were not legitimate not only because the 'officers' who scheduled the interviews were unauthorized aliens who were not hired by the CIS but also because the CIS Director did not authorize the scheduled interviews. The Director's signature was always forged unto the documents. The CIS Director never delegated any authority to those who signed the interview letters and probably no interviews were scheduled.

Given the above explanations, Your Honor, should your court place too much emphasis on the role of the naturalization interview in the decision process? In order that Petitioner's interest is not unduly jeopardized, the naturalization interview scheduled by a judge who no longer has jurisdiction on this action should play no role in reaching the final decision. Any decision other than that will violate the five-year statute of limitations. 8 USC §1256(a). "After five years, the alien's status is unassailable. Quintana v. Holland, 255 F.2d 161, 164 (3rd Cir. 1958).

In addition, "The right of a person to become a naturalized citizen of the United States shall not be denied or abridged because of race or sex or because such person is married."
8 USC §1422.

Finally, Petitioner appeals to Hon. Nancy Gertner to discourage those who impersonate and write briefs for those who lack legal and subject-matter jurisdiction.

Thank you very much, Your Honor.

NAME: FATUROTI, Michael A.    SIGNATURE: [signature]    DATE: 09/16/2005.

09/19/2005