MICHAEL A. FATUROTI, P.O. BOX 230013, BOSTON, MA 02123-0013

HON. NANCY GERTNER, U.S. DISTRICT COURT OF MASSACHUSETTS, BOSTON, MA
02210

| | |
|---|---|
| MICHAEL A. FATUROTI, | ) |
|       Petitioner, | ) |
| | ) Civil Action No. |
| v. | ) 04-117971-NG |
| | ) 01/23/2006 |
| IMMIGRATION & CUSTOMS | ) |
| ENFORCEMENT, | ) |
|       Respondent. | ) |

PETITIONER'S RESPONSE TO HON. DEIN"S NEW REPORT AND RECOMMENDATION
ON RESPONDENT"S THIRD MOTION TO DISMISS.

Petitioner acknowledges Hon. Dein's Jan. 19, 2006 Report and Recommendation on
Respondent's Third Motion to Dismiss Petitioner's petition for judicial review on the filmsy
excuse that Petitioner did not attend status conference scheduled for Dec. 14, 2005, Your
Honor. The only time Petitioner's consent is needed is at the beginning of the trial when both
parties are required to file a joint form of consent that they agree that the Magistrate Judge
should try the case. That never happened. That's probably why the Respondent (i.e., the U.S.
Citizenship & Immigration Services - USCIS) won't consent to Hon. Dein's right to exercise
civil trial jurisdiction over the case. (Rule 73b: Magistrate Judges: Trial by Consent) (28 USC
§636(c)).

When Hon. Dein was designated to exercise civil trial jurisdiction on this cae, there was no
consent executed.

Petitioner will appreciate it if Your Court will ignore this new report and recommendations.and
deny the motion to dismiss his petition for judicial review because it is improper for Petitioner to
be invited to a status meeting of Petitioner's Judicial review petition. Petitioner cannot
determine the status of his own petition.

Further, Your Honor, Petitioner sent his Petition for judicial Review by certified mail and he
was made to pay the sum of $150.00 as filing costs. Petitioner believes that the payment of
$150.00 court filing fees made up for whatever mistakes petitioner made during the initial filing
of his petition.

Further, Your Honor, there is an important point that each of these recommendations
intentionally omit. That is, the fact that in 1989, Petitioner filed a different and independent form
I-485: Application for Resident Status to prove that Petitioner's Legal Permanent Resident
Status was granted based on the information on the I-485 application filed in 1989. That was
one of the main reasons for filing the petition for Judicial review. 8 CFR §316.2(b).

Further, Your Honor, there are set guidelines for determining "good moral character." One
important guideline for determining good moral character is to contact the Federal Bureau of
Investigation and other law enforcement agencies to see if Petitioner had been arrested and
covicted of any felony and at least three misdemeanor offences. 8 CFR §316.10.

To the best of Petitioner's knowledge, Your Honor, there has been no conviction whether on
felonies or misdemeanors between the time his petition was filed in 1999 and the present time
of writing. What the Petitioner is saying, Your Honor, is that there is no criminal history that

could preclude Petitioner from eligibility for naturalization. There is therefore, nothing to **obviate the need to resolve the underlying legal disputes in this matter.** 8 CFR § 316.10(a)(1).

Further, regarding fingerprinting and a naturalization interview, Your Honoor, Petitioner attended the April 19, 2005 interview. Petitioner arrived at the scheduled room at about 9:30 a.m. as the records show. Even though it appears that nothing happened, it was Petitioner's understanding that his appearance fulfilled the desired need to show him to America that he, Petitioner was intending to become a U.S. citizen.

Further, Your Honor, the letter of invitation to the April 25, 2005 interview arrived three days after the date of the scheduled interview. The records show that Petitioner did sign for a certified letter on April 28, 2005. It was **not** Petitioner's fault that he failed to attend that interview, if it was indeed, scheduled.

Further, Petitioner expected all other scheduled interviews to be approved by Your Court but up till now, the long-awaited approval never came. In addition, most of the invitation letters were **not genuine** because the records would show that the CIS Director's signature was forged on the invitation letters.

The reason for another naturalization interview is to resolve whether Petitioner was legally admitted into the country. This situation was resolved with Petitioner's 1989 filing of I-485: Application for Legal Permanent Resident Status (LPRS). That Petitioner's LPRS was renewed and upgraded to Green Card status is further proof of his legal entry into the country. However, the real reason Hon. Dein wanted another naturalization interview was "to avenge her sister." Your Honor, you cannot allow a prejudized Judge to prevail.

Approval for those interviews was needed because the Respondent would **not** honor Hon. Dein's orders. The lady referred to as Magistrate Judge Dein is Ms Kehinde Akinniyi, an unauthorized alien who had neither a law degree nor the bar licence to practice law in the United States.

Your Honor, all of these allegations against Hon. Dein and the Office of the U.S. Attorney made by Petitioner were supposed to be investigated by Your Court for either denial or confirmation. That Hon. Dein avers that they are unsubstantiated are **not entirely true.** A telephone call to the Immigration Office will solve the problem. The Massachsetts (Boston) branch of the American Bar Association can easily solve the problem with the bar licence. It is easier if handled by your office, Your Honor.

Your Honor, Petitioner would like to comply with Hon. Dein's orders, especially if there was a consent conference at the start of the trial. The Respondent (USCIS) does **not accord** Hon. Dein any recognition for the reason already mentioned. (Rule 73b: Magistrate Judges: Trial by Consent & Optional Appeals); (28 USC §636(c). However, **not attending** the status conference does **not** constitute a disobedience of her orders. Petitioner cannot be expected to determine the status of his own petition, except Petitioner is being set-up to introduce a bias to the decision.

In addition, Your Honor, attending the status conference might set Petitioner up for the Harlot Mafia which appears to have control and therefore bias on Hon. Dein's decision.

For these and other reasons, Your Honor, Petitioner's failure to attend the **status conference** does not constitute a disobedience of Hon. Dein's orders. Therefore, **not attending the status conference** neither violates the provisions of Rule 74(d) nor those of Serra-Lugo v. Consortium-Las Marias, 271 F. 3d 5, 6 (1st Cir. 2001) or those of Torres-Vargas v. Pereira, 431 F. 3d 389, 390 (1st Cir. 2005). Petitioner cannot be expected to determine the status of his

own petition.

Consequently, Your Honor, Petitioner would appreciate it if Your Court can deny Hon. Deins' recommendation to allow Dismissal of Petitioner's Judicial Review Petition.

A situation of anarchy whereby harlots, disgruntled convicted criminals, anyone who is unhappy with what Petitioner is trying to do, and everyone who is unhappy with the system pays to produce criminal briefs whether he/she is hired by the Court or not cannot and must not be allowed to try and decide this case. Hon. Dein denied having anything to do with this brief. It was prepared and paid for by some harlots and convicted criminals to stand in the way of justice and fairplay, Your Honor.

Your Honor, if unauthorized aliens and convicted aggravated felons such as Father Frank a.k.a. Revd. Amos Yerokun, Yomi Yerokun a.k.a. Mika Bryzynski, Stephen Omoreghe a.k.a. Steven Enujekwe a.ka. Steve Ogboyobi (authors of the Jan. 19, 2006 brief) are allowed to run a law court by writing illegal and unauthorized briefs to prevent the prevalence of justice, they will turn Your Court and other Federal Courts into Kangaroo Courts.* The rule of law should be allowed to prevail, Your Honor. Otherwise, they will not only bring down and discredit Your Court and other federal courts, they will also make a mockery of United States Immigration and other laws.

Thank you very much, Your Honor.

NAME: FATUROTI, MICHAEL A.  SIGNATURE: _____ DATE: 01/23/2006.

NOTE: * A kangaroo court is a mock court in which the principles of law and justice are disregarded or prevented; it is characterized by irresponsible, unauthorized, or irregular status or procedures whereby judgment or punishment is given outside of legal procedure. (Merriam Webster's Collegiate Dictionary 10th Edition. Merriam-Webster, Inc. 1999).
** Petitioner complained vehemently in the original petition about the role harlots and their mafia played in his life both at Northeastern University and when he was processing his naturalization application at the Immigation and Naturalization Service (INS) and worries that the present exercise may not be free from prejudice and bias because it is being conducted by harlots bound together in a mafia.
*** Certain immigration laws discriminate against harlots, prostitutes and criminals. They cannot become U.S. citizens. Any potential citizen candidate who collaborates, colludes or gets too close to them is sure to be disqualified. These harlots want Petitioner to get close to them but he cannot for fear he could be disqualified for volating the provisions of the Immigration & Nationality Act (INA) §212(a)(12); §212(a)(9), §212(a)(10) & §212(a)(23). Under the present conditions, the Petitioner is at a disadvantage.
**** Citizenship by naturalization is about fulfilling immigration laws passed by the U.S. Congress. This case will be better handled by lawyers and bar attorneys not by Harlots Mafia..Many of these harlots were brought to the United States by Stephen Omoreghe (head of the Ogboyobi Mafia), including the two sisters Adebimpe and Mopelola Adeyinka.