MICHAEL A. FATUROTI, P.O. BOX 230013, BOSTON, MA 02123-0013.

HON. NANCY GERTNER, U.S. DISTRICT JUDGE, U.S. DISTRICT COURT OF MASSACHUSETTS, U.S. COURTHOUSE, ONE COURTHOUSE WAY S-2300, BOSTON, MA 02210.

| | |
|---|---|
| MICHAEL A. FATUROTI, )
Petitioner,. ) |  |
| ) | Civil Action No. |
| v. ) | 04-11791-NG |
| ) |  |
| U.S. IMMIGRATION & CUSTOMS ) | 02/10/2006 |
| ENFORCEMENT, ) |  |
| Respondent. ) |  |

PETITIONER FATUROTI'S RESPONSE TO HON. GERTNER'S ELECTRONIC FILING ANNOUNCING DECISION TO CLOSE CASE AFTER GRANTING HON. DEIN'S MOTION TO DISMISS.

Your Honor, Petitioner acknowledges receipt of an electronic filing notice in your name giving warning that case closed on 02/03/2006. The electronic notice also announced that Your Court granted Motion to Dismiss after Adopting Reports and Recommendations re Motion to Dismiss. Petitioner appeals to Your Court to keep case open or keep case "not closed" until such a time that Petitioner is able to file a response to the electronic notice filed.

"Under federal rule providing that after pleadings are closed, but within such time as not delay the trial, any party may move for judgment on the pleadings, pleadings are not closed until at least an answer has been filed." Fed. Rule Civ. Pro. Rules 7(a), 12(c), 28 USCA. following section 723c, Williams v. Walnut Park Plaza, D.C. Pa., 68 F. Supp. 957, 958

Petitiomner also appeals to Your Court, Your Honor, that case remain open until all the issues raised in Petitioner's petition for Judicial Review have been effectively and efficiently covered or argued.

One Important issue not argued or effectively covered is the point raised by the Legal Counsel that Applicant (Petitioner) was not legally admitted into the country in spite of the fact that Applicant (Petitioner) filed a form I-485: Application for Legal Resident Status in 1989 separate from and independent of the SAW Application.

Petitioner is now appealing to Your Court before pleadings are closed to look into the allegation that Respondent (USCIS) has, up to now, failed to provide copy of Petitioner's one- or two-page document (I-485) he filed in 1989 despite several requests under the Freedom of Information Act (FOIA) (5 USCA §552 and 5 USCA §552a.

The purpose of the FOIA is to establish a general philosophy of full Agency disclosure unless the information is exempted under clearly delineated statutory language. 5 USCA §552.

"In a Freedom of Information Act case, government agency opposing divulgence of the information sought bears burden of establishing that material in issue falls within one of the nine (9) exclusive statutory exemptions. 5 USCA §552(b)

The one- or two-page document (Form I-485: Application for Residency Status filed by Applicant/Petitioner in 1989) does not fall within any one of the nine (9) exclusive statutory exemptions. 5 USCA §552(b).

The copy of the form may be the only proof that Petitioner has of being legally admitted into the country. Petitioner is certain that the information exists. The USCIS has failed to provide this information even though it does not cost more than .50¢ for a copy. Had that form I-485 not been filed, Petitioner's Resident Alien Card would not have been renewed and upgraded to a Green Card Status. Form I-797D (REV. 3-1-00) was approved for Petitioner in August 2001.

Petitioner will appreciate it, Your Honor, if Your Court can order the USCIS to provide this document so that Petitioner can clearly prove that he, in fact, was legally admitted into the country.

Another issue raised in the USINS (now USCIS) letter denying Petitioner's application for naturalization relates to the fact that Petitioner made several applicatons for a change of status even though the Director maintained that there was no application for a change of status. Beside the SAW application, there is the application for Legal Resident Status (I-485). There is also an application for professional status (N-300). Finally, there is an application for business status (N-600). These are pertinent issues not yet argued before the warning about closing pleadings. That is another reason, Your Honor, why case may remain "not closed" until they are covered.

Petitioner believes, Your Honor, that the Motion to Dismiss based on Petitioner's failure to attend a case status conference was granted in error. Petitioner believes that Hon. Nancy Gertner is opposed to inviting Petitioner (or Respondent) to a case status conference because Petitioner cannot be expected to determine the status of his own petition. Petitioner was afraid that attending such a conference may jeopardize his own interest if the occasion was used to introduce him to drug dealers or harlots.

"For purpose of motion to dismiss ... all facts well pleaded in the complaint must be presumed to be true." id'd.

Since the Respondend conceded error in using the SAW Application information without Applicant's consent, all facts ... pleaded in complaint **are not presumed to be true.**"

Similarly, since it is unusual and improper for the court to invite parties to case status meeting or conference to determine the status of their case, all facts pleaded in complaint are **not presumed to be true.**" Petitioner's failure to attend case status conference does not imply a disobedience of Hon. Dein's orders and therefore, does **not violate** the provisions of Serra-Lugo v. Consortium-Las Marias, 271 F.3d 5, 6 (1st Cir. 2001) nor those of Torres-Vargas, 431 F.3d 389, 390 (1st Cir. 2005) at 393. There is thus no sufficient grounds to dismiss Petitioner's petition for judicial review.

Also, because Respondent has not been able to disprove that Petitioner made several petitions for a change of status, all facts pleaded in the complaint are not presumed to be true.

Therefore, Your Honor, Your Court has to reconsider and disagree with those who plead for a dismissal of petition.

Finally, if the rumor that Your Court has really made a final decision and has given Petitioner the decision, the only way to ensure that the Defendant or Respondent does not jeopardize Petitioner's interest is to **give Petitioner copy of your decision.**

Thank you very much, Your Honor.

NAME: FATUROTI, MICHAEL A.   SIGNATURE: _____ DATE: 02/13/2006.;.